# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| DIANE SLOAN, | : | |
| Plaintiff, | : | Case No. 3:06CV223 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| MONTGOMERY COUNT, OHIO, et al., | : | |
| | : | |
| Defendants. | | |
| | : | |

## REPORT AND RECOMMENDATIONS[1]

Plaintiff Diane Sloan, a resident of Dayton, Ohio, brings this case *pro se*. Sloan's Complaint names as the defendant Montgomery County, Ohio, CFR (Coconnie [sic] Judgment Recovery), Vincent Langford, and Ron Logan.

On August 1, 2006, the Court granted Sloan's Application to Proceed *in forma pauperis* ("IFP") under 28 U.S.C. §1915. This case is presently before the Court for a *sua sponte* review to determine whether Sloan's Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a named defendant who is immune from such relief. If the Complaint suffers from one or more of these deficiencies, it must be dismissed under 28 U.S.C. §1915(e)(2)(B).

Sloan alleges in her Complaint:

1) The Defendants committed countless offenses against the Plaintiff. Those counts

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

>> include taking property, funds from a bank, stock, real estate, and countless monitoring of checking accounts.
>
> 2) The Defendants held an illegal hearing after one checking account was taken of all funds causing a minus on the balance.
>
> 3) These funds were taken out before the hearing over the weekend and only gave the person five days to respond, without service of summons to appear before any court.
>
> 4) Defendants interfered [with] the Plaintiff's right to a trial or hearing that is an obligation of the County.
>
> 5) These Defendants caused a loss of property, funds deposited in a bank, and real estate.
>
> 6) Defendants Vincent Langford, CJR, Ron Logan, and Montgomery County knowingly knew their conduct was with a purpose to take funds from checking account of another and knew they were not going to have a fair trial or hearing to take such funds.  Their act[s] were criminal and they should be held accountable for their actions.

(Doc. #1 at 5).  Sloan further alleges, "Defendants took funds out of the Plaintiff's checking account without the Plaintiff's knowledge of their actions or without any type of hearing.  These Defendants have monitored the private accounts of the Plaintiff continuously, and with reason to take funds; Montgomery County permitted the other Defendants to monitor accounts and permitted extraction of funds from the accounts and stock accounts of the Plaintiff leaving the accounts at zero...."  *Id*. at 7.

The relief Sloan seeks consists of the following:

> Force the County to prosecutor CJR and Ron Logan on criminal acts within their scope of knowing and understanding the law and purposefully engage [sic] in misconduct involving a County Magistrate Judge criminal charges and proper disbarment.
>
> The Plaintiff also demeans [sic] for the loss of personal property, real estate, pets, funds, and their criminal intent, relief in the amount of $1,000,000.

*Id*. at 6.

By enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992)(quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).  To prevent such abusive litigation, Congress authorized the federal courts to *sua sponte* dismiss an *in forma pauperis* Complaint if they are satisfied that the Complaint is frivolous or malicious. *Denton*, 504 U.S. at 31; *see* 28 U.S.C. §1915(e)(2)(B)(I).

Viewing an *in forma pauperis* Complaint through lens of §1915(e)(2)(B)(I), the Court asks whether the Complaint raises a claim with a rational or arguable basis in fact or law; if not, it is frivolous or malicious and subject to dismissal. *See Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  A Complaint has no arguable legal basis when, for example, the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or irrational or "wholly incredible." *See Denton,* 504 U.S. at 32; *see also Lawler,* 898 F.2d at 1199.

Congress has also authorized the *sua sponte* dismissal of a Complaint that fails to state a claim upon which relief may be granted or that seeks monetary relief from a defendant who is immune from such relief in this Court.  28 U.S.C. §1915(e)(2)(B)(ii-iii).

To support a federal constitutional claim, enforceable by way of 42 U.S.C. §1983, Sloan must allege facts showing that one or more named defendant engaged in conduct under color of state law and that the alleged conduct deprived her of a right secured by the Constitution or laws

3

of the United States. *Markva v. Haveman*, 317 F.3d 547, 552 (6th Cir. 2003). Accepting Sloan's allegations as true and construing them liberally in her favor, her Complaint appears to allege that certain private individuals and a private entity stole her property including money from her bank account. While this may raise an issue of state law, the Compliant fails to indicate or allege a circumstance from which an inference can be made that these private individuals acted under the color of state law. An allegation indicating that state or governmental action rather than acts by private citizens or organizations is essential to support a §1983 claim. *See Berger v. City of Mayfield Heights*, 265 F.3d 399, 405 (6th Cir. 2001). Sloan's Complaint, moreover, appears to allege that Montgomery County failed to prevent the other named defendants from raiding her checking account or from taking her property. Yet, the Constitution does not impose upon Montgomery County the duty to protect private citizens from theft. "[N]othing in the language of the Due Process Clause itself'..., 'requires the State to protect the life, liberty, and property of its citizens against invasion by private actors.'" *Jones v. Reynolds*, 438 F.3d 685, 690 (6th Cir. 2006)(quoting *DeShaney v. Winnebago County Dep't of Soc. Servs.,* 489 U.S. 189, 195 (1989)).

Accordingly, because Sloan's Complaint lacks any basis in federal law, it must be dismissed under 28 U.S.C. §1915(e)(2) as frivolous or because it fails to state a claim upon which relief can be granted.

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff Diane Sloan's Complaint be DISMISSED; and

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of this Order would not be taken in good faith and therefore deny Sloan leave to appeal *in forma pauperis*. If so certified, Sloan, a non-prisoner, would

      remain free to apply to proceed *in forma pauperis* in the Court of Appeals.  *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999).

August 1, 2006

                                                                                    s/Sharon L. Ovington
                                                                                        Sharon L. Ovington
                                                              United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).